# CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Confidential Settlement Agreement and Mutual Release (the "Agreement") is made as of April 28, 2021, by and between Keeping Capital LLC, a Florida limited liability company doing business as Debt Dissolution and David King, an individual (collectively "Debt Dissolution"), on the one hand, and BRANDON CALLIER ("CALLIER" and, together with DEBT DISSOLUTION, the "Parties"), on the other hand.

## RECITALS

1. CALLIER filed a civil complaint against *inter alia* DEBT DISSOLUTION surrounding allegedly illicit marketing techniques carried on by a third party purportedly on behalf of DEBT DISSOLUTION.

2. The Parties have agreed to settle all disputes and controversies between them in the terms set forth in this Agreement. In doing so, DEBT DISSOLUTION denies any and all allegations made by CALLIER. DEBT DISSOLUTION enters into this agreement solely to avoid the costs and time associated with further litigation and does not admit or agree that CALLIER's claims against him have merit.

## AGREEMENT

**NOW THEREFORE,** in consideration of the foregoing Recitals, mutual promises and covenants of the Parties set forth in this Agreement, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties intending to be legally bound hereby covenant, agree, warrant, represent, and agree as follows:

**1.** **Effective Date of the Agreement:** The "Effective Date" of this Agreement shall be the date upon which the Agreement has been fully executed by the Parties.

**2.** **Consideration:** Within two business days of the execution of this Agreement and receipt of the Consideration set forth below, CALLIER shall file a request for dismissal with prejudice. In exchange, DEBT DISSOLUTION agrees to pay the sum of $10,000.00, payable within two business days of the execution of this Agreement by wire transfer to the account indicated by CALLIER. Both CALLIER and DEBT DISSOLUTION further agrees not to seek any fees or costs associated with its defense in this matter.

**3.** **Mutual Release:** In this Agreement, "Claims" will mean any and all claims, allegations, assertions, demands, rights, duties, obligations, contracts, agreements, covenants, promises, understandings, debts, indebtedness, demands, trust deeds, encumbrances, liens, damages, injuries, losses, actions, causes of action, claims for relief, costs, expenses, promissory notes, charges, attorneys' fees, judgments, orders, levies and liabilities of any kind and character, demands of any kind and character, arising in connection with any matter whatsoever, whether in law or equity, known or unknown, suspected or unsuspected, existing or prospective, and concealed or revealed.

**EXHIBIT 1**

1

CALLIER, on the one hand, and DEBT DISSOLUTION, on the other hand, hereby forever mutually and generally release, discharge and covenant not to sue one another and each of their respective heirs, trustees, agents, employees, officers, directors, managers, shareholders, members, consultants, affiliates, divisions, subsidiaries, predecessors, successors, assigns, partners, administrators, executors, principals, attorneys, insurers, and/or representatives from any and all Claims CALLIER and DEBT DISSOLUTION have, may have had, or could have brought through April 1, 2021 and which have accrued from the beginning of time to April 1 2021, which are in any way related to the events set forth in the Complaint or which are in any way related to the Action.

**4.** **Waiver of California Civil Code Section 1542:** The Parties acknowledge that they are aware of and are familiar with the provisions of Section 1542 of the California Civil Code, which states as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Parties hereby waive and relinquish any and all rights and benefits that they may have under Section 1542 of the California Civil Code, or the law of any other state or jurisdiction, or common law principle, to the same or similar effect. The Parties understand and acknowledge the significance and consequences of such specific waiver of Section 1542 of the California Civil Code and hereby assume full responsibility for their own injuries, damages, losses or liability that may hereafter occur.

**5.** **Costs:** The Parties agree to each bear their own costs and expenses, including but not limited to attorneys' fees and costs the Parties have incurred, or may incur, in connection with the Action and the preparation and execution of this Agreement.

**6.** **Authority:** Each Party represents that they have the requisite power, authority, and legal capacity to execute and deliver the Agreement, and to fully perform their duties and obligations under the Agreement, and that neither the Agreement nor the performance by such Party of any duty or obligation under the Agreement will violate any other contract, agreement, or restriction by which such Party is bound.

**7.** **No Representations:** Each Party represents that no representations, warranties, or promises other than those set forth in the Agreement were made by any Party or any employee, agent, or legal counsel of any Party to induce said Party to execute the Agreement. Each Party warrants and represents that they have carefully read and fully understand the Agreement, and that they freely and knowingly enter into the Agreement. No Party makes any representation or warranty, and no Party shall be obligated to indemnify any other Party as to the tax consequences of the Agreement.

**8.      No Admission of Fault:**  The execution of this Agreement by any Party does not constitute the admission of any fault or liability or the validity of any defense or the existence of any facts that could constitute the basis for any Claim, liability or defense.

**9.      No Third-Party Beneficiaries:**  Each Party warrants, represents, and agrees that there are no third-party beneficiaries of the rights and obligations created by, or the releases provided in, the Agreement.

**10.     No Assignment of Claims:**  Each of the Parties represents and warrants to the other that they are the sole and lawful owner of all rights, title and interest in and to every Claim released by this Agreement, and that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity any Claim or other matters herein released and will not assign or transfer any rights, title or interest they may have in any such Claim. Each Party shall indemnify and hold harmless the other Party from any loss, liability, cost or expense, including but not limited to attorneys' fees, incurred as a result of the assertion by any other person or entity of any of the Claims released by or arising through such indemnifying Party herein.

**11.     Confidentiality:**  The Parties agree that the terms and conditions of this Agreement are confidential and shall not be disclosed to any third party at any time, and that they shall use their best efforts to maintain the confidential nature of this Agreement. Disclosure of the terms and conditions shall only occur if enforcement of the Agreement is necessary or upon a court order compelling disclosure. In the event that any Party is subpoenaed or otherwise compelled by court order to provide information that would violate this provision, that Party shall send a written notice to the other Party at the address set forth in Section 21 before responding to such request to afford the other Party the opportunity to assert any objection they may have.

**12.     Non-Disparagement:**  The Parties agree that no Party nor any employee, agent, or someone acting at their direction will, at any time after the Effective Date, through any medium, either orally or in writing, including, but not limited to, electronic mail, television or radio, Internet bulletin boards, social media, or any other form of communication, disparage the other or cause or tend to cause the recipient of a communication to question the good character or professionalism of the Parties or their current or former employees, officers, directors, shareholders, members, affiliates, agents, managers, consultants, divisions, subsidiaries, predecessors, successors, assigns, partners, administrators, executors, principals, attorneys, insurers, and/or representatives.

**13.     Future Disputes; Choice of Law; Venue:**  This Agreement is made under, and shall be construed in accordance, with the laws of the State of California, without regard to or application of any of California's conflict of laws and rules. The Parties agree that, pursuant to California Code of Civil Procedure § 664.6, the Court in the Action shall retain jurisdiction over any dispute regarding breach of this Agreement or the enforcement of the terms and conditions of the Agreement (including the releases in this Agreement), and the Parties specifically waive their right to have any dispute arising from this Agreement brought or tried anywhere else. The Parties further agree that in any subsequent action to enforce the provisions of this Agreement, the prevailing party will be entitled to its reasonable attorneys' fees, in addition to its costs and any other relief to which it may be entitled.

**14.     Binding Effect:**  The Agreement will be binding upon and inure to the benefit of the Parties and their respective heirs, executors, successors, assigns, grantees, administrators, conservators, and agents.

**15.     Entire Agreement:**  This Agreement is the final written expression and the complete and exclusive statement of all agreements, conditions, promises, representations, and covenants between the Parties with respect to the subject matter of this Agreement. This Agreement replaces and supersedes all prior, former, or contemporaneous agreements, negotiations, understandings, representations, discussions, or warranties between and among the Parties.

**16.     Modification or Amendment:** Any modification, alteration, or amendment of this Agreement will be non-binding, ineffective, and invalid, unless it is in writing, specifically refers to this Agreement, is signed by both Parties, and expresses the Parties' intent to modify this Agreement.

**17.     Interpretation:** The Parties represent, warrant, and agree that they have received independent legal advice from their attorneys with respect to the advisability of executing this Agreement, have reviewed this Agreement, and have been fully involved in the negotiation of the terms and conditions of this Agreement. Accordingly, the Parties expressly waive any common law or statutory rule of construction that ambiguities should be construed against the drafter(s) of this Agreement.

**18.     Waiver:**  No waiver of any provision of this Agreement shall be deemed to be a waiver of any other provision, whether or not similar. No such waiver shall constitute a continuing waiver. No waiver shall be binding unless executed in writing by the Party charged with the waiver.

**19.     Severance of Provisions:**   The Parties to this Agreement agree, covenant, and represent that each and every provision of this Agreement will be deemed to be contractual, and that they will not be treated as mere recitals at any time or for any purpose. Therefore, the Parties further agree, covenant, and represent that each and every provision of this Agreement will be considered severable. If a court of competent jurisdiction finds any provision to be invalid or unenforceable for any reason, that provision, or part thereof, will remain in force and effect to the extent allowed by law, and all of the remaining provisions of this Agreement will remain in full force and effect and enforceable.

**20.     Execution:** The Agreement may be executed in counterparts and each copy of the Agreement so executed shall be deemed a duplicate original of the Agreement. Signatures to this Agreement transmitted by fax or electronic mail will have the same effect as physical delivery of the Agreement bearing the original signature.

**IN WITNESS THEREOF,** the Parties agree to the foregoing as of the date first set forth below.

DATED: April \_\_\_\_, 2021			By:	_____
					Keeping Capital LLC, a Florida limited liability company doing business as Debt Dissolution

DATED: April \_\_\_\_, 2021			By:	_____
					David King

DATED: April \_\_\_\_, 2021			By:	_____
					Brandon Callier

DATED: April ____, 2021        By:  _____
                                    Keeping Capital LLC, a Florida limited
                                    liability company doing business as Debt
                                    Dissolution


DATED: April ____, 2021        By:  _____
                                    David King


DATED: April 30, 2021          By:  _____/s/_____
                                    Brandon Callier

5